UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA W.,[1] | 3:24-cv-01267-JR |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

beginning May 16, 2014,[2] due to anxiety, PTSD, depression, foot problems, neck problems, and lower back problems. Tr. 112.

Plaintiff first applied for benefits in May 2014; her applications were denied initially and upon reconsideration. Tr. 139, 144, 150, 153. Plaintiff and her attorney presented for a hearing before an ALJ, after which the ALJ issued an unfavorable decision. Tr. 31. Plaintiff appealed to this Court and the case was remanded to the agency for further proceedings. Tr. 1668.

A second hearing[3] was held before the same ALJ and on November 7, 2019, the ALJ again found plaintiff was not disabled. Tr. 1677-91. Plaintiff filed written exceptions, and the Appeals Council ordered that the case be remanded to a new ALJ for further proceedings. Tr. 1699-1705.

The Appeals Council directed the ALJ on remand to (1) obtain additional evidence concerning an unadjudicated period in order to complete the administrative record;[4] (2) provide further consideration to medical opinions and explain the weight of each opinion; (3) re-evaluate the lay witness testimony; (4) further evaluate plaintiff's symptom allegations; (4) further evaluate plaintiff's mental impairments; (5) further consider plaintiff's maximum residual functional

---

[2] Plaintiff's applications for benefits listed her disability onset date as March 1, 2010. Tr. 205, 207. Plaintiff subsequently amended her alleged onset date to coincide with her application date of May 16, 2014.

[3] The record of this hearing is not contained in the administrative record,

[4] Plaintiff filed a Title II claim that was dismissed based on a date last insured (DLI) of May 31, 2010. The Appeals Council noted that lag earnings pushed plaintiff's DLI to September 30, 2015, meaning there was an unadjudicated period from May 16, 2014, her amended onset date, to September 30, 2015, her DLI. Thus, her Title II claims were improperly dismissed and needed to be properly heard and adjudicated. Tr. 1701.

Page 2 – OPINION & ORDER

capacity; and (6) obtain supplemental evidence from a vocational expert to clarify the effects of plaintiff's limitations on her ability to perform work in the national economy. Tr. 1702-03.

The Appeals Council also directed the ALJ to consider subsequent applications for benefits filed by plaintiff which were also denied.[5] Tr. 1703. Finally, the Appeals Council directed the ALJ to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision with distinct findings for the period adjudicated under the Title II and Title XVI claims." Tr. 1703.

A hearing before a new ALJ was scheduled on November 16, 2023, and neither plaintiff nor her attorney appeared for the hearing. Tr. 1618. The ALJ then issued a Notice to Show Cause for Failure to Appear, and neither plaintiff nor her attorney responded within the allotted timeframe. Tr. 1619. The ALJ then dismissed the request for a hearing and reinstated the vacated decision from November 7, 2019. Tr. 1619. Plaintiff requested review of the dismissal, which the Appeals Council denied.[6] Tr. 1592-94. Plaintiff again appealed to this Court for review.

At issue before the Court is whether the ALJ properly dismissed the request for a hearing, and whether the ALJ was required to comply with the remaining provisions of the Appeals

---

[5] Plaintiff's subsequent applications were filed in August 2019 and were dismissed and denied by hearing decision on December 29, 2022. Tr 1703.

[6] The Commissioner, in a footnote, reserves the right to consider whether judicial review is available when an ALJ dismisses for failure to appear. However, the Appeals Council's denial made this the final decision of the agency, thus judicial review is proper. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5) ("When you have completed the steps of the administrative review process … we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court").

Page 3 – OPINION & ORDER

Council's remand order despite having dismissed the request for a hearing.[7] After careful review, the regulations and the balance of evidence supports affirming the Commissioner's decision.

<u>The Request for a Hearing was Properly Dismissed</u>

Plaintiff argues the ALJ improperly dismissed the request for a hearing. The Court disagrees and finds that the ALJ's dismissal is free of legal error and consistent with agency regulations.

The regulations permit an ALJ to dismiss a request for a hearing when (1) neither the claimant nor their representative appears at a scheduled hearing, (2) the agency notified both parties that the consequences for failing to appear could be dismissal, and (3) no good cause was shown for failing to appear. 20 C.F. R. §§ 404.957(b)(i)-(ii), 416.1457(b)(i)-(ii); see also POMS HA 0124.025, 1993 WL 643012 (describing the circumstances under which an ALJ may dismiss a request for a hearing due to failure to appear). First, it is undisputed that neither plaintiff nor her attorney appeared at the scheduled hearing; plaintiff acknowledges as much in her briefing. *See* Tr. 1609; Pl.'s Opening Br. at 2; Pl's Reply Br. at 1.

Next, plaintiff was on notice as to the consequences of failing to appear at her hearing. Hearing reminders sent to both plaintiff and her attorney clearly stated that the consequence for failing to appear may be dismissal of the hearing request without further notice. *See* Tr. 1806, 1837. Plaintiff does not contend that she did not receive notice of the hearing, and the record contains correspondence between the agency and plaintiff's attorney showing that the parties were

---

[7] Plaintiff makes additional arguments as to alleged errors in the November 2019 decision, but the Court declines to reach those issues as the ALJ properly dismissed plaintiff's claim. *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019) (a reviewing court "should restrict its review to the procedural ground that was the basis for the … dismissal").

Page 4 – OPINION & ORDER

aware of the upcoming hearing deadline. *See* Tr. 2006-07 (letter from attorney dated eight days prior to the hearing identifying medical evidence still outstanding, with the date of the upcoming hearing identified in the subject line). Plaintiff did not request a different date or time for the hearing, nor did she waive her right to a hearing.

Finally, neither plaintiff nor her attorney replied to the Notice to Show Cause for Failure to Appear issued on November 24, 2023. *See* Tr. 1898, Tr. 1619 (describing plaintiff's failure to respond to the Notice to Show Cause within the allotted timeframe).[8] The ALJ thus reasonably concluded plaintiff had no good cause or reason for failing to appear. Tr. 1619. The request for a hearing was then dismissed. Tr. 1615-19.

Plaintiff's argument that further testimony on her part was not necessary misses the crux of the issue. The ALJ appropriately scheduled a hearing. When plaintiff and her counsel failed to appear for the hearing, the ALJ was "fully empowered to dismiss the request for a hearing." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). *See* 20 C.F.R. §§ 404.957(b)(i)-(ii), 416.1457(b)(i)-(ii); *see also Boettcher v. Sec'y of Health and Hum. Servs.*, 759 F.2d 719, 723 (9th Cir. 1985) (upholding the procedural dismissal of a request for a hearing after the claimant failed to stay for the hearing); *Curlee v. O'Malley*, No. 22-15655, WL 2103275, at *1 (9th Cir. May 10, 2024) (finding no abuse of discretion when the ALJ dismissed the claimant's hearing when he failed to appear and did not establish good cause for failure to appear). The regulations also provide several options for a plaintiff to respond to a hearing notice, including objecting to the time and place of

---

[8] In fact, there is no record of any further communication from plaintiff from early November 2023, until her request for Appeals Council review on March 8, 2024. Tr. 1607-10.

the hearing and waiver of appearance.[9] Additionally, plaintiff was at all times represented by an experienced attorney, who was familiar with agency procedural rules to understand that providing no response to the request was not acceptable. Tr. 198-99, 295. Plaintiff and her experienced attorney were capable of understanding both the options for responding to the hearing notices and the consequences for failing to respond.

It may be that, as plaintiff argues, the record contains sufficient evidence for the newly appointed ALJ to have issued a decision based on the Appeals Council's directive.[10] But plaintiff provides no case law to support this position and there is no indication that the agency intended an order from the Appeals Council to bind an ALJ to issue a decision despite plaintiff's failure to appear for a hearing. A hearing, particularly where, as here, a new ALJ has taken over proceedings, "reduces the risk of error and enhances the opportunity to present all the relevant facts." *Boettcher*, 759 F.2d at 723 (9th Cir. 1985) (citations omitted). Plaintiff, without notice or explanation, declined to accept this opportunity and her claim was properly dismissed.

---

[9] *See, e.g.*, 20 C.F.R. §§ 404.948(b)(i), 416.1448(b)(i) (the ALJ "may decide a case on the record and not conduct an oral hearing if you and all parties indicate in writing that you do not wish to appear before the ALJ at a hearing."); 20 C.F.R. §§ 404.950(b), 416.1450(b) ("You may send the ALJ a waiver or a written statement indicating that you do not wish to appear at the hearing."); 20 C.F.R. §§ 404.936(e)(i), 416.1436(e)(i) ("If you wish to object to the time or place of the hearing, you must notify us in writing at the earliest possible opportunity but not later than 5 days before the date set for the hearing or 30 days after receiving notice of the hearing.").

[10] Plaintiff further objects to the ALJ's reinstating the vacated opinion from November 2019. However, regulations do not prohibit an ALJ reinstating a vacated opinion where the request for a hearing was dismissed for failure to appear. 20 C.F.R. §§ 404.957(b), 416.1457(b); POMS HA 01240.025. Moreover, agency guidelines implicitly endorse ALJs taking such an action. *See* POMS HA 01240.096 (noting language guidelines for dismissal after a decision has been vacated and remanded for further proceedings, including "the claimant's request for hearing filed on (Fill-in: date) is dismissed and the (initial) (reconsideration) determination of the Social Security Administration dated (Fill-in: date) remains in effect.).

In sum, the Court finds the ALJ's decision is free from procedural and legal error and will thus remain undisturbed.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED. The Clerk is directed to enter a judgment accordingly.

DATED this 18th day of June, 2025.

      /s/ Jolie A. Russo
      JOLIE A. RUSSO
      United States Magistrate Judge